United States District Court
Southern District of Texas
**ENTERED**
April 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NOOR ALI RASOOLI, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-02630 |
| | § | |
| MARTIN FRINK, | § | |
| | § | |
| Respondent. | § | |

## ORDER TO ANSWER

The petitioner, Noor Ali Rasooli, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Houston Contract Detention Facility. Petitioner filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention. Doc. No. 1.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[1] requires the Court promptly to examine the petition and its attached exhibits and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief. Having conducted the required examination, and concluding that the

---

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

allegations require an answer,[2] the Court **ORDERS** that Respondent file an Answer to the petition as follows:

1.   The Clerk will deliver copies of the petition and this order to the Acting United States Attorney for the Southern District of Texas by electronic mail to USATXS.CivilNotice@usdoj.gov.

2.   Respondents must file an answer or other appropriate responsive pleading within **fourteen (14) days** after the date of service and must forward a copy to the petitioner's counsel. They are advised that under Federal Rule of Civil Procedure 12(d), if matters outside the pleadings are relied upon, their motion will be treated as a motion for summary judgment and should be entitled as such.

3.   In addition to any defense, in law or fact, to a claim for relief by Petitioner, Respondents' answer must contain: (a) a statement of the authority by which Petitioner is held and, if held under the judgment of a court or administrative tribunal, the name of such court or tribunal and the number and style of the case(s) in which those judgments were entered; and (b) a statement regarding whether the petitioner has exhausted available remedies.

4.   Whether Respondents elect to submit an answer or a dispositive motion (*i.e.*, a motion to dismiss or for summary judgment), Petitioner must file any response within **twenty (20) days** after the date Petitioner is served with a copy of Respondents' submission. Under the Court's local rules, Petitioner's failure to respond will be

---

[2] *See* 28 U.S.C. § 2243 (providing that an answer to show cause should be "returned within three days unless for good cause additional time, not exceeding twenty days, is allowed").

2 / 3

considered a representation that Petitioner does not oppose any motion that may have been filed. *See* S.D. Tex. L.R. 7.4. If Petitioner fails to respond on time, the Court may dismiss this case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

5.      Respondents must notify Petitioner's counsel and the Court of any anticipated or planned transfer Petitioner outside of the Houston Division of the Southern District of Texas, or of any planned removal of the petitioner from the United States, **at least five (5) days before** any such transfer or removal.

SIGNED on this ___10th___ day of April 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE